PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE __EASTERN__ DISTRICT OF TEXAS
__BEAUMONT__ DIVISION

__JIMMIE MARK PARROTT, JR #1621310__
Plaintiff's Name and ID Number

__Mark W. Stiles Unit__
Place of Confinement

CASE NO. __1:21cv411__
(Clerk will assign the number)

v.

__THOMAS DONAHUE    777 F.M. 3497  Woodville, TX 75990__
Defendant's Name and Address

__MICHELLE MUNCH    2400 Avenue I  Huntsville, TX 77340__
Defendant's Name and Address

__SARIN PATEL    2400 Avenue I  Huntsville, TX 77340__
Defendant's Name and Address
(DO NOT USE "ET AL.") __EMMA DAVIS  3060 F.M. 3514  Beaumont, TX 77705__

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: July 15, 2015
        2. Parties to previous lawsuit:
           Plaintiff(s) Jimmie Mark Parrott
           Defendant(s) Brad Livingston, William Stephens, Eddy Baker, Pam Pace, Wilkins
        3. Court: (If federal, name the district; if state, name the county.) Eastern District
        4. Cause number: 6:15 CV 366
        5. Name of judge to whom case was assigned: John D. Love
        6. Disposition: (Was the case dismissed, appealed, still pending?) Dismissed w/o Prejudice
        7. Approximate date of disposition: May 22, 2017

Rev. 05/15

Previous Lawsuits:

July 2019
Jimmie Mark Parrott v. UTMB, et al
Eastern District, Tyler Division
Cause No: 6:19 cv 314
Judge John D. Love
  Appeal Pending
  N/A Pending

Oct. 7, 2019
Jimmie Mark Parrott v. UTMB, et al
Southern District, Galveston Division
Cause No 3:19 cv 330
Judge Jeffery Brown
  Pending
  N/A Pending

Sept 2019
Jimmie Mark Parrott v. UTMB, et al
Eastern District, Beaumont Division
Cause No 1:19 cv 475
  Judge Keith Giblin
  Pending
  N/A Pending

Nov. 5, 2020
Jimmie Mark Parrott v. Brian Collier
Eastern District, Beaumont Division
Cause No 1:20 cv 454
Judge(s) Crone/Hawthorn
  Pending
  N/A Pending

II. PLACE OF PRESENT CONFINEMENT: Mark W. Stiles Unit

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? ✓ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Jimmie Mark Parrott, Jr #1621310
3060 F.M. 3514
Beaumont, Texas 77705

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Thomas Donohue, UTMB Medical Director, Gib Lewis 777 FM. 3497 Woodville, Texas 75990

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Denial of Adequate Medical Care, Eighth Amendment Violation

Defendant #2: Michelle Mvvach, CNC Clinical Pharmacist, 2400 Ave-I Huntsville, Texas 77340

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Denial of Adequate Medical Care, 8A violation

Defendant #3: Sann Patel, CNC Clinical Pharmacist, 2400 Ave-I Huntsville, Texas 77340

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
Denial of Adequate Medical Care, Eighth Amendment Violation

Defendant #4: Emma Davis, Nurse Practitioner, 3060 F.M. 3514 Beaumont, Texas 77705

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Denial of Adequate Medical Care, Eighth Amendment Violation

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Rev. 05/15

3

V.  STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

1) On 7/23/2019 I was seen by University of Texas Medical Branch (UTMB) orthopedic surgeon Dr. Ronald Wayne Lindsey at Hospital Galveston (H.G.) After a thorough examination of post-surgery facts he determine a need for Gabapentin, a non-formulary medication. On 8/06/2019 the request for non-formulary approval was sent to CMC Clinical Pharmacist Sonn Patel, who deferred it (denied) recommending the alternate drug Prednisone, which is a strong steroid and can not be given longer than 10 days and within a 6 month period. I had just received a strong steroid injection within the 6 month period, and should I have taken the prednisone

See Additional Pages

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Enter a declaratory judgment; preliminary and permanent injunction ordering defendants to provide proper non-formulary pain medication immediately; Grant Damages; compensatory, punitive and nominal; A Jury Trial on the merits, Appoint an Attorney, Order cost of suit to be paid by defendants, any other relief deemed just, proper and Equitable

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Jimmie Mark Parrott, Jr., Jimmie Ray Haney, James Parrott

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

346540, 400162, 1155290, 1621310

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ___ YES  ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): N/A
   2. Case number: N/A
   3. Approximate date sanctions were imposed: N/A
   4. Have the sanctions been lifted or otherwise satisfied?  N/A  ___YES ___NO

Rev. 05/15

4

it may have caused irreparable physical injury. This proves Sarin Patel never reviewed my medical history or she would have discovered this. Patel purposely denied the request. Patel's omissions and commissions violated my Eighth Amendment Right to the United States Constitution. Futhermore, pursuant to Title 3, Sec. 107.053 of the Texas Occupations Code (TX. Occp. Code) Intractable Pain Treatment Act "A hospital or other health care facility may not prohibit or restrict the use of a dangerous drug or controlled substance prescribed or administered by a physician who hold staff privileges at the hospital or facility for a person diagnosed and treated by a physician for intractable pain." Dr. Lindsey holds staff privileges at the UTMB hospital at Hospital Galveston Prison Facility operated by the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID). Also Sec. 107.09, TX. OCCP. Code gives Dr. Linsey the authority to treat, "This chapter authorizes a physician to treat a patient with an acute or chronic painful medical condition with a dangerous drug or controlled substance to relieve the patient's pain using appropriate doses for an appropriate length of time, and for as long as the pain persist." Patel's alleged conduct was an intentional interference with treatment already prescribed resulting in unnecessary pain and discomfort that compromises my daily activities. I was purposely denied medication prescribed by a licensed doctor with no alternate drug available for substitute pursuant to nonformulary policy for prisoners. Patel

1

was deliberately indifferent to a serious medical need. "<u>Please note: Jurisdiction is proper because the request for non-formulary Gabapentin was made from the mark w. Stiles Unit by Marion Johnson, an employee at Beaumont, Texas and the returned denial was to Marion Johnson still located in Beaumont, Texas. Jeopardy attached when sent, and upon return</u>." (See: Exhibit A)

2.) On 8/19/2019 An assessment plan was entered into my medical records by Patrick Muldowney stating all the critical side effects and possible dangers of long-term usage of Motrin and Cymbalta. (See Exhibit B)

3.) On 8/20/2019 I was seen by George G. Miller, M.D. at the Stiles Unit. Dr. Miller followed the recommendation by orthopedic surgeon Dr. Lindsey and submitted the request, again, for Gabapentin. Again it was purposely deferred (denied) by Sarin Patel leaving me with no pain medication(s).

4.) On 8/31/2019 I filed my Step 1 emergency medical grievance followed by my Step 2 at a later date. Both ultimately denied. (See: Exhibit C)

5.) On 9/25/2019 A medical confirmation letter was sent to Dr. Miller about the denial of Gabapentin. (See: Exhibit D)

6.) On 6/18/2020 Charles Christy NP-C of the Stiles Unit in Beaumont Texas was permitted to prescribe me a 10 day supply of Tylenol 3 until the non-formulary request is approved for the Gabapentin by Sarin Patel at CMC pharmacy per recommendation of the ortho-spine appointment in 2019. (See Exhibit E)

2

7.) On 6/18/2020 another request was sent by Mr. Christy from the Stiles Unit to Sarin Patel for the Gabapentin. It was again purposely denied by ignoring the justifications for the drug by listing Divalproex as an alternate to be substituted without consideration that I am highly allergic to it, and to use it places my health and safety at risk. There were no other alternatives available causing me to do without, suffering in extreme unnecessary pain and discomfort. (See: Exhibit F)

8.) On 6/18/2020 Mr. Christy sent the request to Joe Cano of the non-formulary group at the Stiles Unit giving a number of justifications for the Gabapentin prescription. (See Exhibit G)

9.) On 6/30/2020 I sent a medical request to Mr. Christy explaining that the duloxetine/Cymbalta is making me very ill and nauseated. I requested immediate medical help. (See Exhibit H)

10.) On 6/30/2020 Mr. Christy sent a request to Joe Cano ~~Miranda McGee, LVN~~ at the Stiles Unit giving a number of justifications for the Gabapentin prescription. (See Exhibit I)

11.) On 6/30/2020 Mr. Christy sent a request to Miranda McGee, LVN at the Stiles Unit giving a number of justifications for the Gabapentin prescription. (See Exhibit J)

12.) On 7/06/2020 I filed my Step 1 grievance followed by a Step 2 challenging the denial of non-formulary medications by CNC clinical pharmacists. A circumvented response was given about permitted 10 day Tylenol 3 approval, but never was the non-formulary denials

3

ever addressed. The 10 day approval is an absolute per UTMB, CMHC non-formulary policy. A 10 day supply is automatic to prevent a prisoner patient from suffering until a non-formulary request can be approved by CNC clinical pharmacist. It is the duty of the clinical pharmacist to follow the prescriber's recommendation if there are no alternative substitutes. There were no substitutes for me. Sarin Patel purposely denied numerous non-formulary request on purpose, showing deliberate indifference to a serious medical need, interfering with treatment already prescribed. (See Exhibit K)

13.) On 7/10/2020 I sent in another medical request to Mr. Christy asking for help. (See Exhibit L)

14.) On 7/12/2020 I sent in another medical request to Mr. Christy explaining that I am suffering in a lot of pain and the Cymbalta and Ibuprofen are making me sick. He responded that he put another request for Gabapentin and Tylenol 3, no good though! (See Exhibit M)

15.) On 7/24/2020 my pain became intolerable causing me to collapse. I had to be taken by ambulance to a private hospital and given a very strong narcotic, Fentonel. (See Exhibit N)

16.) On 7/27/2020 Mr. Christy sent an E-Mail to Thomas A. Donohue, the UTMB Medical Director asking for help to secure Neurontin (Gabapentin) because he has authority to overrule the CNC clinical Pharmacist's denial. Dr. Donohue completely ignored the request a complete indifference to a serious medical need. (See Exhibit O)

17.) On 7/09/2020 Mr. Christy sent another E-Mail to Dr. Donohue asking for help. It to was purposely denied. (See: Exhibit P)

4

18.) On 7/30/2020 mr. Christy placed another non-formulary request for the Gabapentin giving all the other alternative substitutes that I have already tried including Cymbalta, which my medical records reveal has made me very ill. Yet, Sarin Patel denied the request insisting that I either take the Cymbalta, or Effexor which I have experienced serious side effects while using them, and Divalproex which I am highly allergic to, or do without, clearly a deliberate indifference to a serious medical need. (See: Exhibit Q)

19.) On 7/30/2020 Sent another E-mail to Cano, Read, and Dr. Donahue requesting the Gabapentin. (See Exhibit R)

20.) On 8/05/2020 mr. Christy documented the fact that I can no longer take Cymbalta. (See: Exhibit S)

21.) On 9/4/2020 I filed another Step 1 grievance followed by a Step 2 appeal regarding the denial of non-formulary medications. Both were denied (See Exhibit T)

22.) On 9/21/2020 I filed another Step 1 grievance followed by a Step 2 appeal regarding the denial of non-formulary medications. Both were denied. (See: Exhibit U)

23.) On 9/24/2020 Huntsville contacted the Stiles Unit Medical Department about they denial of pain medication and with concerns about my safety. (See: Exhibit V)

24.) On 10/26/2020 I filed another Step 1 grievance followed by a Step 2. Both denied with a circumvented reply using the 10 day provision but never addressing non-formulary denials by Clinical

5

pharmacist at CNC pharmacy that were made by licensed and qualified doctors and providers. (See: Exhibit W)

25.) On 11/12/2020 I filed another step 1 grievance followed by a Step 2. Both were denied. (See: Exhibit X)

26.) On 11/20/2020 Patrick J. Muldowney prescribed Prednisone that was not effective. (See: Exhibit Y)

27.) On 11/20/2020 another medical instrument was filed with my medical records with the Chief Complaint stating "Wants Neurotin (Gabapentin) and Tylenol 3." (See Exhibit Z)

28.) On 11/23/2020 I filed a Step 1 grievance followed by a Step 2 against Dr. Donahue and Emma Davis for deliberate indifferences. Emma Davis in particular had previously filed numerous responses to my medical requests claiming I am not entitled to Ultram/Gabapentin/Tylenol 3, only Cancer patients are. Because I have not been diagnosed with cancer I shall not be provided any narcotic, and the reason I will not be provided Gabapentin is because I will crush it up and snort it up my nose. Both Grievances were denied (See: Exhibit A-1)

29.) On 12/01/2020 Frank Saunders, M.D. at the Stiles Unit filed nonformulary requests for Ultram and Gabapentin, the very drugs Emma Davis claimed I was not entitled to receive, yet once again Sarin Patel, CNC Clinical Pharmacist, denied them and used the reasons; Use an alternative Cymbalta and Tegratol, the very drugs my medical records reveal make me very ill because of their side-effect, and Divalproex which I am allergic to, a wanton to inflict serious physical injury to me. (See: Exhibits B-1, C-1, and D-1)

6

30.) On 1/27/2021 I filed a medical request to Dr. Saunders about non-formulary medication denials by CNC Clinical Pharmacist. (See Exhibit E-1)

31.) On 2/01/2021 Dr. Saunders once again filed non-formulary requests for Gabapentin and Tylenol 3 to CNC pharmacy. This time those requests were received by a different Clinical Pharmacist named Michelle Munch. Without ever actually looking at my medical history she deferred (denied) the requests claiming I should use Venlafaxine, which is actually a generic Cymbalta, and my medical records prove is detrimental to my taking it because of extreme side-effects, and Divalproex which I am allergic to and may result in irreparable physical injury should I take it. Thus, leaving me with no pain medication at all. Clearly a deliberate indifference to a serious medical need. (See: Exhibits F-1, G-1, H-1)

32.) On 2/14/2021 Dr. Saunders placed another non-formulary request for Tylenol 3. It was purposely denied. (See: Exhibit J-1)

33.) On 2/22/2021 Dr. Saunders once again made the request for Tylenol 3. It was once again purposely denied by Michelle Munch. (See Exhibit K-1)

34.) On 3/19/2021 Dr. Saunders non-formulary request. It, too, was purposely denied by Michelle Munch, using the same alternative substitutes Cymbalta and Effexor, when my medical records reveal I should not be given either of these drugs. See: Exhibits L-1 and M-1).

7

35.) On 3/11/2021 I sent another request to Dr. Saunders (See: Exhibit N-1)

36.) On 3/23/2021 Dr. Saunders filed an instrument proving the deliberate deferment of non-formulary recommendations made by him by CWC Clinical Pharmacist(s) Michelle Munch and Sarin Patel and because of the deliberate indifference(s) requested an expedited referral to H.G. for immediate orthopedic treatment (See: Exhibit O-1)

37) On 4/15/2021 Dr. Saunders filed another medical instrument appealing for the use of Ultram/Tramadol for pain management, stating unsuccessful appeal for Gabapentin appeal for Tylenol 3, (See: Exhibit P-1)

When non-formulary requests are placed by a qualified and licensed medical doctor or provider, for medications for prisoners, it is the responsibility of clinical pharmacists to see if there are other non-formulary medications to be used as alternatives to substitute for the specific drug recommended, and to review the justifications, and not just simply ignore important factors that preclude any alternative substitutes. After reviewing the justifications, and non-formulary substitutes, if it is determined there are no other alternative substitutes available it is the duty of the clinical pharmacist to fill the prescription for the drug requested. Should the prescriber (Medical Doctor or Provider) disagree with any alternative suggestion by the clinical pharmacist he/she should send a copy of the non-formulary E-MAIL appealing to the Medical Director so he can over rule the denial of the clinical pharmacist.

In this instant matter there clearly are no alternative non-formulary alternatives available to be substituted for Tylenol 3, Ultram, and

8

Gabapentin. The numerous justifications clearly precluded any and all the ~~alternative~~ alternative solutions provided by Michelle Munch and Sarin Patel. They were notified that I have used them to no avail for the serious pain and discomfort that I am suffering. Others such as Motrin (Ibuprofen) and Cymbalta were part of my medical records with serious side-effects, and Divalproex I am allergic to and can not take it. For over two years licensed medical doctors and providers continuously put Munch and Patel on notice of this in many justifications, and repeatedly requested proper pain non-formulary request approvals. One of those recommendations was made by orthopedic Surgeon Ronald Wayne Lindsey whose not only an orthopedic surgeon, but also ~~of orthopedics~~ a teacher of orthopedics at the University of Texas Medical Branch school of medicine, and was named as a SUPER DOCTOR in the Texas monthly magazine, a well renowned orthopedic specialist who also practices medicine in his own private practice in League City, Texas. Yet, these two <u>non-</u>orthopedic specialist, who are just clinical pharmacist, Munch and Patel, have intentionally and knowingly with deliberate indifference, purposely filed deferrals (denials) to the numerous non-formulary request for Ultram/Tramadol, Tylenol 3, and Gabapentin using the very non-formulary alternatives over and over again and again even when these alternatitive substitutes are manifested in the many jusifications as either ineffective, make me sick, have serious side-effects, or that I am allergic to. For over two very long years Michelle Munch and Sarin Patel have purposely caused me to do without proper pain management medications by intentionally denying non-formulary request(s) made by licensed and qualified surgeons, doctors, and Unit Providers, knowing

9

there are no alternative substitutes available.

Furthermore, many E-Mails have been sent to Dr. Donohue about the need for him to take appropriate action to help me as a patient. He was placed on NOTICE many times about Munch and Patel's conduct of purposely denying non formulary requests made by licensed medical physicians. He ignored or denied each appeal made to him by the qualified and licensed medical prescribers, when his conduct makes him legally responsible, and he has a legal duty to make provisions for prisoner patients who have been denied adequate medical care by undersigned staff. His refusal is deliberate indifference to a serious medical need.

Emma Davis' conduct by refusing to place non formulary request for Tylenol 3, Ultram, and Gabapentin by claiming I am not entitled to them because I do not have cancer is deliberate indifference to a serious medical need.

I have provided proper notice of my claims manifested in 38 reasons in chronological order, accompanied by 42 Exhibits that accrued over a two-year span, all of which reveal extreme deliberate indifferences to a serious medical need, an Eight Amendment to the United States Constitution violation.

C. Has any court ever warned or notified you that sanctions could be imposed?   ____ YES  ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): ___N/A___
   2. Case number: ___N/A___
   3. Approximate date warning was issued: ___N/A___

Executed on: __July 23, 2021__
              DATE

_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __23__ day of __July__, 20 __21__.
         (Day)              (month)           (year)

_____
(Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

Rev. 05/15

July 23, 2021

David O'Toole, Clerk
U.S. District Court
300 Willow Street, Room 104
Beaumont, Texas 77701

In re: Civil Rights Suit / IFP

Dear Mr. O'Toole:

Enclosed is my 42 U.S.C. 1983 civil rights complaint and IFP application with attached 6 month trust fund history. Will you please file said instruments.

Also, will you please screen the suit on the merits, and request it to be assigned to Judge Giblin as I have another suit 1:19 cv 475 pending, and the matters are related and name one of the defendants. I am asking for a preliminary injunction and permanent injunction. Please, I need pain medication urgently.

Thank you for your valuable time and assistance.

Respectfully Submitted

Jimmie M. Parrott, Jr.
Stiles Unit / #1621310
3060 F.M. 3514
Beaumont, Tx 77705